STATE EX REL. CONN, Appellant, v. BOARD OF TRUSTEES OF WISCONSIN RETIREMENT FUND, Respondent.

*No. 104. Argued September 29, 1969.—Decided October 31, 1969.*
(Also reported in 171 N. W. 2d 418.)

For the appellant there was a brief by *Crooks, Crooks & Low* and *Patrick L. Crooks,* all of Wausau, and oral argument by *Patrick L. Crooks.*

For the respondent the cause was argued by *Donald R. Zuidmulder,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J.   The chronology of events material to this appeal reads as follows:

August 4, 1956: Appellant requested from the board a statement of his contributions to the fund. The board provided this information together with the form for the withdrawal of the contributions.

April 29, 1957: Appellant filed a request for withdrawal of his contributions to the fund, not checking any of the listed reasons for termination, but typing in "Disability cannot work."

June 17, 1957: Board directed the county clerk of Forest county, duly appointed agent of the county, to check whether appellant was qualified for disability benefits.

September 4, 1957: Board issued a check for appellant for $495.11, the separation benefit provided by the fund, representing employee contributions to the fund. Appellant accepted and cashed this check.

August 13, 1964: Appellant made inquiry of the board as to his eligibility for disability benefits. Additional inquiries as to such eligibility were subsequently made.

March 15, 1967: Appellant submitted an application for disability benefits from the Wisconsin Retirement Fund.

March 31, 1967: Board rejected appellant's application for disability benefits.

April 4, 1967: Board informed appellant that his application for disability benefits was rejected.

In the memorandum opinion accompanying its order quashing the writ, the trial court succinctly set forth the legal frame of reference within which the case must be decided. We repeat these principles with full approval.

(1) Any "action, decision or determination" of the Board of Trustees of the Wisconsin Retirement Fund "shall be reviewable only by a writ of certiorari." (Citing sec. 66.918 (3), Stats.)

(2) Where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued. (Citing *Essock v. Cold Spring* (1960), 10 Wis. 2d 98, 102 N. W. 2d 110.)

(3) In a certiorari case the court is not allowed to consider matters outside the record. (Citing *State ex rel. Kaczkowski v. Fire & Police Comm.* (1967), 33 Wis. 2d 488, 148 N. W. 2d 44, 149 N. W. 2d 547, and other cases.)

(4) Before a court will grant the writ, it must appear that (a) there has been some error committed; (b) the error has caused substantial harm; and (c) the plaintiff has not been guilty of laches in seeking his remedy. (Citing *State ex rel. Damerow v. Behrens* (1960), 11 Wis. 2d 426, 105 N. W. 2d 866; *Consolidated Apparel Co. v. Common Council* (1961), 14 Wis. 2d 31, 109 N. W. 2d 486.)

(5) "Upon granting of . . . a separation benefit, all of the accumulated credits . . . of such participant shall thereupon be terminated and no further right to such credits shall exist . . . ." (Citing sec. 66.904 (1) (b) 4, Stats.)

(6) A disability benefit could be granted only to one who is a "participating employee," (sec. 66.907 (2) (a) 1, Stats. of 1955, 1957 and 1967) such "participating employee" is defined to mean an employee who ". . . is

currently in the service of a participating municipality." (Sec. 66.901 (4a), Stats.)

The trial court found as a fact that ". . . the relator, during the year 1957, applied for and was paid separation benefits . . . ." This finding of fact is sustained by the record.

As to the application for disability benefits, dated March 15, 1967, the trial court concluded that ". . . plaintiff has not been a participating employe under the Wisconsin Retirement Fund since 1957 and would be ineligible to be granted any disability benefit." From the facts found, this is an inescapable conclusion. The board had no choice but to deny the 1967 application for disability benefits of an individual who had applied for and received a separation benefit upon his termination of employment in 1957.

Additionally, the trial court found that "Plaintiff's delay of ten years in seeking the remedy provided in Section 66.918 (3), Wisconsin Statutes, makes him guilty of laches and not entitled to the writ."

There is a ten-year lapse of time between the petitioner's receiving and cashing the separation benefit check in 1957 and his application for disability benefits in 1967. If the time lag is computed up to the time of his inquiry to the board as to eligibility for disability benefits in 1964, the lapse of time is seven years. If we were to hold that the period of the applicable statute of limitations as to legal rights is to be considered laches applicable to any equitable right, both the ten and the seven-year time periods exceed the six-year statute of limitations here relevant. Sec. 893.19 (4), Stats., provides a six-year limitation for "An action upon a liability created by statute when a different limitation is not prescribed by law."

In reviews of proceedings where certiorari is the only remedy available, as is the case here, this court has indicated that a much shorter period, to wit, six months, is the ". . . ultimate period beyond which an appeal by

certiorari cannot be taken when no time limit is prescribed by the law creating that right." (*State ex rel. Casper v. Board of Trustees* (1966), 30 Wis. 2d 170, 174, 140 N. W. 2d 301.) Even if we were to go back to an early case to find "no fixed rule," with "each case must stand upon its own particular facts," (*Likens v. Likens* (1908), 136 Wis. 321, 327, 117 N. W. 799) there is no way of getting around the trial court finding of laches in this case.

In seeking the writ of certiorari at the trial court level, petitioner claimed the board erred in denying his 1967 application for disability benefits. The trial court found no error, and additionally found no alternative but denial of such application, and we agree.

On this appeal, petitioner presents a theory of the case not placed before the trial court. This effort to find new ground upon which to stand relates back to the 1957 application and payment, not to the 1967 application and denial of benefits upon which the trial court ruled.

It is now suggested that the 1957 request for withdrawal of contributions upon termination of employment be considered to have been an application for disability benefits. It would take a lot of doing to so regard it, and at best the result would be an incomplete application for disability benefits.

The attempt to turn the clock back to 1957 would encounter sec. 66.907 (2) (a), (b), Stats., setting up the prerequisites to entitlement to disability benefits. Certification by two physicians that appellant was "permanently disabled, for the performance of the duties of any position," as well as certification by the municipality of such "total disability" is required. The record shows no attempt to comply with these requirements and twelve years later, after the death of the employee involved, there is no way to supply the missing ingredients. In fact, as the trial court found, the appellant applied for a separation benefit, an option open to him as a then participat-

ing employee in the fund, and that is what he received and accepted.

It is also suggested that this court should now hold that the board made a mistake back in 1957 when it sent the check for the separation benefit to the appellant because it did not then have ". . . complete data and could therefore not determine eligibility for separation benefits." Assuming for a moment that the board did then act in error, it did act. Even if issuance of the check which the appellant accepted and cashed can now be termed a mistake, it constituted an ". . . action, decision or determination of the board . . ." under sec. 66.918 (3), Stats., reviewable only by certiorari, and the time for that has long since passed.

Counsel for the appellant has brought competence and ingenuity to his effort to rescue his client, and more recently the estate of that client, from the consequences of an error in judgment made in 1957 when his client applied for and received his accumulated contributions to the retirement fund as a lump-sum separation benefit. Resolutely he has sought some way of changing now what was done then. Where he has failed, no one could have succeeded. The Moving Finger Writes—and having writ moves on. A decade later there just is no magic eraser that can be used to reach back over the decade that has intervened to wipe out what was written and to start over again.

The trial court denied the writ for two reasons:

(1) Appellant, during the year 1957, applied for and was paid separation benefits, thereby losing any status as a "participating employee," and therefore "now precluded from asserting any rights in the fund."

(2) Appellant's delay of ten years in seeking review of the board's action in paying a separation benefit instead of disability benefits constitutes laches, making him "not entitled to the writ."

There was no alternative for the trial court. There is none for us. The denial of the writ of certiorari must be upheld.

*By the Court.*—Order affirmed.