572 F.2d 13
 17 Fair Empl.Prac.Cas. 149, 16 Empl. Prac.
Dec. P 8175
Margaret M. BLIZARD, Plaintiff-Appellant,
v.
Jonathan E. FIELDING, M.D., as he is Commissioner of the
Department of Public Health, Commonwealth of
Massachusetts, Defendant-Appellee.
 No. 77-1339.
 United States Court of Appeals,
First Circuit.
 March 20, 1978.
 
 Ralph Warren Sullivan, Boston, Mass., with whom Malloy & Sullivan, Jeanne Baker, Boston, Mass., and Baker, Rosenberg & Fine, Cambridge, Mass., were on brief, for plaintiff-appellant.
 Terry Jean Seligmann, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., and Anthony P. Sager, Asst. Atty. Gen., Boston, Mass., were on brief, for defendant-appellee.
 Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.
 BOWNES, Circuit Judge.
 
 
 1
 Plaintiff appeals from an adverse decision by the district court on her claims of sex discrimination in employment and discriminatory retaliation. The genesis of plaintiff's claim was that she was not promoted to the position of Deputy Commissioner of the Massachusetts Department of Public Health because of her sex. Her suit was brought pursuant to 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a).
 
 
 2
 Plaintiff alleges several errors by the district court: failure to apply the proper burden of proof, erroneous evidentiary rulings, failure to accord deference to the EEOC's finding of probable cause on both her employment and retaliation claims, and the court's treatment of the case as involving both sex and age discrimination.
 
 
 3
 The district court held a two day trial; most of the evidence and testimony relates to matters following the alleged failure to promote plaintiff because of her sex. This evidence is pertinent to the retaliation claim, but not relevant with respect to the original sex discrimination claim.
 
 
 4
 At the outset, we are met with the fact that the district court, in ruling that the decision not to promote plaintiff was not discriminatory, failed to make reference to the shifting burden of proof required under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-805, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and International Brotherhood of Teamsters v. United States, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). In Sweeney v. Board of Trustees of Keene State College et al., 569 F.2d 169 (1st Cir. 1978), we observed:
 
 
 5
 As we understand those cases, a plaintiff bears the initial burden of presenting evidence sufficient to establish a prima facie case of discrimination. The burden then shifts to the defendant to rebut the prima facie case by showing that a legitimate, non-discriminatory reason accounted for its actions. If the rebuttal is successful, the plaintiff must show that the stated reason was a mere pretext for discrimination. The ultimate burden of persuasion on the issue of discrimination remains with the plaintiff, who must convince the court by a preponderance of the evidence that he or she has been the victim of discrimination. King v. Yellow Freight System, 523 F.2d 879 (8th Cir. 1975); Naraine v. Western Electric Co., 507 F.2d 590 (8th Cir. 1974). 569 F.2d at 177.
 
 
 6
 While the district court did make a definite finding that the failure to promote was not sex based, there is no finding as to whether or not the plaintiff made out a prima facie case. Indeed, the words "prima facie case" are not mentioned at all in the court's opinion. Under the McDonnell Douglas test, a plaintiff must prove four things to establish a prima facie case: (1) that plaintiff was a member of the protected class; (2) that plaintiff was qualified for the position sought; (3) that plaintiff was rejected; and (4) that the position remained open following the rejection. Here, plaintiff clearly met tests (1) and (3). The difficulty we have with the district court's opinion is that it does not clearly state whether or not it found plaintiff qualified to be Deputy Director and it is ambiguous on the question of whether the position remained open after her rejection.
 
 
 7
 It may be that the district court will find, after three steps, what it found after one step that the decision not to hire plaintiff was not influenced by her sex. But we do not feel free in this case to say that the McDonnell Douglas approach can be dispensed with; so to hold, when there is evidence of past discrimination and the non-discriminatory basis for not promoting plaintiff involves evaluations of her ability and subjective plans for doing away with the position she sought, would substantially demean the analytic framework detailed by the Supreme Court.* We cannot be sure that the district court, had it first found a prima facie case, would have evaluated defendant's reasons for not hiring plaintiff precisely as it did. There is another source of confusion which also suggests the wisdom of a remand. The district court's repeated references to plaintiff's failure to establish age discrimination a claim not pressed before the court at least invite argument that less than full and focused attention was paid to her particular claim. We therefore remand for a determination of the issue in light of the procedure set forth in McDonnell Douglas.
 
 
 8
 We see no point in ruling on the evidentiary questions and the retaliation findings, since the district court may wish to reassess its rulings and findings in the light of its determination of the prima facie case issue.
 
 
 9
 We do feel it necessary to comment, however, as to plaintiff's claim relative to the EEOC's findings of probable cause.
 
 
 10
 Both the EEOC and the Massachusetts Commission Against Discrimination found probable cause for plaintiff's retaliation claim. Plaintiff urges us to find that by failing to mention the EEOC determination, the district court committed reversible error. She cites authority indicating that EEOC determinations are entitled to great deference. See Smith v. Universal Services, Inc., 454 F.2d 154 (5th Cir. 1972). However, we note that, with respect to a finding of no probable cause by the Commission, the law today is clear: such finding will not bar a trial de novo on the charges. Chandler v. Roudebush, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); Alexander v. Gardner-Denver Co., 415 U.S. 36, 38, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); McDonnell Douglas, supra, 411 U.S., at 798-799, 93 S.Ct. 1817; Developments in the Law Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109, 1204-1205 (1971). The same reasoning obtains here; both parties are entitled to an inquiry by a court into the charges. While recognizing that findings by the EEOC are entitled to great deference by the district court, we cannot say that a court is obliged to refer to those findings in its opinion. It lies within the discretion of the trial court to comment or not on specific evidence. Mere failure of the court in this instance to make reference to the EEOC findings is not sufficient to sustain an allegation of prejudicial error.
 
 
 11
 Remanded for further proceedings not inconsistent with this opinion.
 
 
 12
 LEVIN H. CAMPBELL, Circuit Judge (dissenting).
 
 
 13
 I can understand the court's disappointment that the McDonnell Douglas criteria were not referred to in the district court's decision, but I do not agree that a remand is called for. I would affirm.
 
 
 14
 The making out of a prima facie case under McDonnell Douglas shifts the burden to defendant to show that the reasons for not promoting were non-discriminatory and non-pretextual. In cases where the defendant satisfies the district court, as he did here, that the reasons for not promoting were non-discriminatory and non-pretextual, I see no absolute necessity that the district court articulate whether or not a prima facie case was made. Indeed, it may be that it was wiser for the district court simply to presume that such a case was made out, and then ascertain if the defendant's grounds for refusing to promote were or were not proper.
 
 
 15
 I make this point in all earnestness because I can see real difficulties in deciding whether or not a top-level employee like plaintiff was, strictly speaking, "qualified" in the McDonnell Douglas sense so that her rejection was prima facie discriminatory. The Supreme Court recognized that the elements of a prima facie case would vary depending on the nature of the employment. 411 U.S. at 802 n. 13, 93 S.Ct. 1817. A top policy level employee does not fit neatly into the McDonnell Douglas analysis; and here we have the further complication that while plaintiff passed the Civil Service exam, she was the only candidate, and Civil Service standards normally allow selection to be made from the top three. Does an employer discriminate, even prima facie, by exercising his right under Civil Service to defer selection until he has three candidates to choose from?
 
 
 16
 My point is simply that there is much to say, in a case like this, for focusing upon the key issue whether or not defendant had a proper reason for not promoting plaintiff rather than floundering about with the difficult but inconclusive question of whether or not a prima facie case was made.
 
 
 17
 For all practical purposes, this was what was done here. It is true that the court did not preface its findings of non-discrimination with the words, "Assuming plaintiff has made out a prima facie case . . ." but it did carefully examine the substantiality of defendant's reasons for non-promotion, concluding that they were valid and non-discriminatory. In so doing, it inferentially recognized that the burden of proof rested with defendant. Since the principal effect of a prima facie case is to shift the burden of proof, and since the district court necessarily recognized the location of the burden in its handling of the evidence, I think its failure to articulate the McDonnell Douglas formula was harmless.
 
 
 18
 The Federal Rules of Civil Procedure require us to uphold the district court's findings of fact unless clearly erroneous, Fed.R.Civ.P. 52(a), and to disregard any error or defect which does not affect the substantial rights of the parties. Since the district court's finding that plaintiff's non-promotion was not for discriminatory reasons is well supported in the record, it should stand. Similarly, the court's failure to articulate the McDonnell Douglas standard is at most harmless error, since, even assuming plaintiff made out a prima facie case, the finding of a non-discriminatory reason for non-promotion defeats that showing.
 
 
 19
 This is not a case where there can be serious doubt that there exists sufficient evidence to support the district court's finding of non-discriminatory motive. While the evidence is conflicting, there is substantial evidence for the court's finding, and I would think that, under Rule 52(a), that would be that especially since the court was able to view and hear the witnesses as we cannot.
 
 
 20
 I would affirm.
 
 
 
 *
 Plaintiff had been denied the same position on a prior occasion by a former Commissioner, not a party here, on the grounds that she was a woman and then when the position was opened for competitive examination, she was the only one of the eight persons taking the examination to pass