Forrest F. McCLUNEY, Plaintiff,

v.

JOS. SCHLITZ BREWING COMPANY, Defendant.

No. 79–C–647.

United States District Court, E. D. Wisconsin.

Feb. 8, 1980.

Charne, Glassner, Tehan, Clancy & Taitelman, by Robert E. Tehan, Jr., Milwaukee, Wis., and J. Michael Vaughan, of Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, Mo., for plaintiff.

Reinhart, Boerner, Van Deuren, Norris & Rieselbach, by Paul V. Lucke, Robert L. Wood and Scott W. Hansen, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss count II and to strike a portion of paragraph 15 of count I of the complaint. The motion as to count II will be granted; the motion to strike paragraph 15 of count I will be denied.

The plaintiff, Forrest F. McCluney, was employed by the defendant, Jos. Schlitz Brewing Co., between 1956 and 1975. Mr. McCluney alleges that he was discharged in retaliation for his opposition to the defendant's purportedly discriminatory employment practices against females, and specifically because he opposed the defendant's refusal to promote and transfer Lois Rinne.

In count I of his complaint, Mr. McCluney alleges that his discharge violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Count II alleges that his "retaliatory discharge" violated the public policy of the state of Wisconsin.

The defendant has moved to dismiss count II of the complaint, contending that it does not state a claim recognized by Wisconsin law. Resolution of this motion is clouded by the fact that while the law in the area of employment relations has undergone significant modifications in recent years throughout the country, the Wisconsin supreme court has not yet expressed an opinion on the precise question at bar.

Traditionally, in Wisconsin as well as in other states, an employer could discharge an employee at any time and for any or even no cause, absent a specific contractual term to the contrary. *See e. g., Goff v. Massachusetts Protective Ass'n, Inc.*, 46 Wis.2d 712, 176 N.W.2d 576 (1970); *Forrer v. Sears, Roebuck & Co.*, 36 Wis.2d 388, 153 N.W.2d 587 (1967). This general rule has been modified, however, in a number of jurisdictions to permit recovery where the

discharge violates some clear and specific public policy or where the discharge is motivated by bad faith or malice.

Some examples of this modification include the following cases: *Pierce v. Ortho Pharmaceutical Corporation*, 166 N.J.Super. 335, 399 A.2d 1023 (1979) (an employee discharged for refusing to help market a drug she believed to be hazardous); *Nees v. Hocks*, 272 Or. 210, 536 P.2d 512 (1975) (employee discharged because he served jury duty); *Stewart v. Travelers Corporation*, 503 F.2d 108 (9th Cir. 1974) (employee discharged because his wages had been garnisheed where federal statute made such discharge criminal); *Frampton v. Central Indiana Gas Company*, 260 Ind. 249, 297 N.E.2d 425 (1973) (employee discharged for filing worker's compensation claim); *Petermann v. International Brotherhood of Teamsters, Local 396*, 174 Cal.App.2d 184, 344 P.2d 25 (1959) (employee discharged for refusing his employer's direction to commit perjury before a legislative committee). One court has concluded that an employer has a duty to act in good faith toward its employees and that a discharge in violation of that duty is actionable. *Monge v. Beebe Rubber Company*, 114 N.H. 130, 316 A.2d 549 (1974) (employee discharged for refusing sexual advances of her foremen).

The Wisconsin supreme court has not considered whether the "public policy" or "bad faith" modification to the rule governing "at will" employment relationships should be adopted. However, in *Ward v. Frito-Lay, Inc.*, 290 N.W.2d 536 (1980), the Wisconsin court of appeals stated with regard to this issue:

"The reasoning of the cases recognizing a cause of action for wrongful discharge persuades us that it is not in the public interest for courts to uniformly honor private contractual rights when to do so would contravene public policy." At 537.

The court of appeals went on to find that in *Ward* the plaintiff had failed to prove a discharge in violation of public policy.

With this legal background in mind, I now turn to the allegations in the case at bar. The plaintiff contends that a state private cause of action should be implied in this case because his discharge allegedly violated the public policies contained in four different statutes.

■ With regard to two of these statutes, I find that the plaintiff simply has not alleged actions on the part of the defendant which contravene the policies underlying those statutes. Section 134.01, Wis.Stats., outlaws conspiracies "for the purpose of wilfully or maliciously injuring another in his reputation, trade, business or profession . . . ." This action is brought against a single defendant. Since a person or a corporation cannot conspire with itself, the public policy underlying § 134.01 would not justify a private cause of action in this case.

■ Section 134.03, Wis.Stats., applies criminal sanctions to "[a]ny person who by threats, intimidation, force or coercion of any kind shall hinder or prevent any other person from engaging in or continuing in any lawful work or employment . . . ." Again, I simply find that the plaintiff's allegation of employment discrimination falls outside of the coverage of this act.

■ The plaintiff also claims that the defendant's action violated the policies underlying § 111.01 et seq., Wis.Stats., The Employment Peace Act, and § 111.31 et seq., Wis.Stats. The Fair Employment Act. Assuming without deciding the issue, that the defendant's activity violated the public policies upon which these statutes are based, I find that Wisconsin law would not sustain the instant private action based on such policy violations.

The rationale for the cases cited previously, which established the "public policy" exception to the traditional rule governing "at will" employment relations, is that a private remedy should be implied for employment discharges violative of public policy, when there is no other adequate remedy to vindicate such policy. *Wehr v. Burroughs Corp.*, 438 F.Supp. 1052, 1055 (E.D.Pa.1977).

Both the Fair Employment Act and the Employment Peace Act provide comprehensive mechanisms for the enforcement of their substantive provisions. It would be

contrary to precedent to assume that Wisconsin courts would imply a private cause of action to uphold a public policy when the state legislature has already provided enforcement mechanisms to vindicate such policies. The Wisconsin supreme court has consistently held that where the legislature provides statutory remedies for the enforcement of particular rights, those remedies should be exclusive. *State ex rel. Conn v. Board of Trustees*, 44 Wis.2d 479, 171 N.W.2d 418 (1969); *Metzger v. Department of Taxation*, 35 Wis.2d 119, 150 N.W.2d 431 (1967); *Burke v. Madison*, 17 Wis.2d 623, 117 N.W.2d 580 (1962); *Ross v. Ebert*, 275 Wis. 523, 82 N.W.2d 315 (1957).

Insofar as the plaintiff has alleged that his firing was in bad faith, such bad faith arose from the alleged discriminatory motive underlying the plaintiff's dismissal. For the reasons stated above, I do not believe that Wisconsin courts would imply a cause of action directed at such motives in light of the extensive anti-discriminatory enforcement process provided by the Fair Employment Act.

Accordingly, I find that the plaintiff has not stated a cause of action under Wisconsin law in count II, and the defendant's motion to dismiss that claim will be granted.

■ The defendant has also moved to strike from paragraph 15 of count I of the complaint reference to a determination of probable cause in this case issued by the Wisconsin Department of Industry, Labor and Human Relations together with a copy of such determination which was appended to the complaint. The defendant's motion is based on its contention that the inclusion of such references is unduly prejudicial in view of the fact that the hearing in this court is to be *de novo*. *See, King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D.Ga.1968).

The Supreme Court, in *Chandler v. Roudebush*, 425 U.S. 840, 863 n.39, 96 S.Ct. 1949, 1961, 48 L.Ed.2d 416 (1976), noted that the Civil Service Commission's report was admissible in a federal employee's Title VII case, stating that "prior administrative findings made with respect to an employment discrimination claim, may, of course, be admitted as evidence at a federal-sector trial de novo. See Fed.Rule Evid. 803(8)(C)." In *Smith v. Universal Services Inc.*, 454 F.2d 154, 156–58 (5th Cir. 1972), the court held it to be reversible error to refuse to admit the findings of the United States Equal Employment Opportunity Commission (EEOC) in evidence in a trial de novo. In *Blizard v. Fielding*, 572 F.2d 13, 16 (1st Cir. 1978), the court noted that "findings by the EEOC are entitled to great deference by the district court, . . ." Finally, in *Bradshaw v. Zoological Society of San Diego*, 569 F.2d 1066 (9th Cir. 1978), the court held that the EEOC's determination of probable cause was admissible evidence in a trial de novo, and that accordingly it was not proper to strike such determination from the complaint.

For the reasons stated in the above-cited cases, I find no justification for striking references to the previous administrative determination from the complaint.

Therefore, IT IS ORDERED that the defendant's motion to dismiss count II of the plaintiff's complaint be and hereby is granted.

IT IS ALSO ORDERED that the defendant's motion to strike a portion of paragraph 15 from count I of the complaint be and hereby is denied.