**Lydia HORBACZEWSKY, Plaintiff,**

v.

**SPIDER STAGING SALES COMPANY and Eric M. Roemish, Defendants.**

**No. 84 C 1109.**

United States District Court, N.D. Illinois, E.D.

July 17, 1985.

MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Presently pending before this Court is defendant's motion to dismiss Counts I

**750**

and IV of plaintiff's complaint. Plaintiff alleges, *inter alia*, that she was sexually harassed by her supervisor in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* The motion to dismiss Count I is based on the plaintiff's failure to plead that the corporate defendant knew of the alleged sexual harassment, which the plaintiff argues is an essential element of a Title VII claim founded on the supervisor's sexual harassment. This argument has been soundly rejected by the Seventh Circuit in *Horn v. Duke Homes,* 755 F.2d 599, 604–605 (7th Cir.1985), in which the Seventh Circuit stated that "[e]very circuit that has reached the issue has adopted the EEOC's rule imposing strict liability on employers for the acts of sexual harassment committed by their supervisory employees...." Accordingly, defendant's motion to dismiss Count I is denied.

■ Plaintiff asserts that Count IV, although pled on the theory of breach of an implied covenant of good faith in an employment contract, in fact asserts a cause of action for retaliatory discharge based on the Illinois Supreme Court's decision in *Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981). This Court agrees that a common law cause of action for retaliatory discharge might be available to plaintiff as a violation of clearly mandated public policies against sexual discrimination if the plaintiff had no other means of legal redress. Here, however, the plaintiff has alleged violations of both Title VII and of the Illinois Human Rights Act. Both of these statutes provide "comprehensive mechanisms for the enforcement of their substantive provisions." *McCluney v. Joseph Schlitz Brewing Co.,* 489 F.Supp. 24, 26 (E.D.Wisc.1980). This Court, like the court in *McCluney,* declines to "imply a private cause of action to uphold a public policy when [Congress] and the state legislature have already provided enforcement mechanisms to vindicate such policies." *Id.* Accordingly, defendant's motion to dismiss Count IV is granted because it is duplica-

tive of plaintiff's federal and state statutory remedies.

It is so ordered.