BUSKA, Respondent, v. CENTRAL LIFE ASSURANCE COMPANY, Appellant.

*October 7—November 1, 1966.*

536

"...

For the appellant there were briefs by *Genrich, Terwilliger, Wakeen, Piehler & Conway,* attorneys, and *Richard J. Weber* of counsel, all of Wausau, and oral argument by *Herbert L. Terwilliger.*

For the respondent there was a brief and oral argument by *Larry W. Rader* of Wausau.

CURRIE, C. J.   The point of controversy between plaintiff and defendant company is the extent of the latter's obligation to pay plaintiff renewal commissions which accrued subsequent to November 30, 1964. The company contends that the schedule of renewal commissions set forth in the contract is to be reduced by three, while plaintiff maintains that there should be no such reduction because the company did not have good cause for terminating his agency contract.

Par. 11 (a) of the agency contract expressly provides that either the plaintiff or the company may terminate upon thirty days' notice without any requirement of stating a reason for such action and that in such event plaintiff's renewal commissions are to be reduced by three. Therefore, defendant company must prevail unless there is some reason of public policy that qualifies this right to terminate.

Plaintiff relies principally on the following statement appearing in Williston on Contracts:

"The contract between the insurance company and the agent often provides expressly for continuance or cessation of commissions upon renewal premiums after termination of the agent's employment. In such case, the contract is enforced without regard to whether termination of the employment is caused by the resignation or discharge of the agent. *If, however, the discharge was wrongful, the agent is entitled to damages for the refusal to allow him to earn the renewal premiums, even though the contract provides that the right to such premiums*

*shall cease on termination of the employment."* (Emphasis supplied.) [1]

Plaintiff apparently interprets wrongful discharge as embracing a termination made in accordance with the terms of the agency contract if the termination is for a reason not constituting good cause. We reject such a strained interpretation because a discharge without good cause is not wrongful if expressly authorized by the contract. We find the principle of law which we deem controls the result here well stated in Corbin, Contracts, as follows:

"In contracts of agency or other employment, it is often provided that one or both of the parties shall have the power to terminate the agency or employment at any time . . . [or] by giving notice. When the required notice is given, neither party is under a duty of further performance; the contract may be said to be 'discharged.' . . . *the rights of the parties with respect to performances rendered . . . before the notice became operative . . . depend[s] upon the provisions of the 'discharged' contract."* (Emphasis supplied.) [2]

In a case not unlike the case at bar, *Shain v. Washington National Ins. Co.,*[3] a provision that either party could terminate an agency agreement upon compliance with the specified period of notice was said to be valid.[4] In that case Shain, a general agent of the defendant insurance company, brought an action for the alleged wrongful termination of his agency contract. The contract provided that either party could terminate upon thirty days' notice in writing. The controversy focused on the ques-

[1] 4 Williston, Contracts (rev. ed.), pp. 2875, 2876, sec. 1030.

[2] 5A Corbin, Contracts, p. 510, sec. 1229. See also 3 Couch, Insurance (2d ed.), pp. 511, 513, sec. 26:49.

[3] (8th Cir. 1962), 308 Fed. (2d) 611, 96 A. L. R. (2d) 265.

[4] As to the validity of such provisions see also 17 Am. Jur. (2d), Contracts, pp. 972, 973, sec. 498; 17A C. J. S., Contracts, pp. 481, 483, sec. 399.

tion of whether the notice of termination conformed to the terms of the contract. The court ruled in favor of the defendant insurance company. In so doing it made this statement which is strikingly apposite to the case at hand:

"Shain urges that in the present case the notice did indeed materially impair substantial existing rights which he possessed. These were the lessening of the value of his general agent's renewal commissions and his inability to solicit the agency clientele he had developed. *The immediate answer to this observation is that the contract expressly provided for termination by either party. This, then, was nothing other than what Shain had agreed to. If there was hardship here, it was due to the contract itself and to its failure to afford the plaintiff more adequate protection against termination.*" (Emphasis supplied.) [5]

We deem the same reasoning applicable to and dispositive of the instant case.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment dismissing the complaint on the merits.

[5] *Supra,* footnote 3, at page 616. See also 16 Appleman, Insurance Law and Practice, p. 495, sec. 9005, and Annos.: Insurance agent's right to commission on renewal premiums, 79 A. L. R. 475, 136 A. L. R. 160, and 163 A. L. R. 1470.