Goff, Appellant, v. Massachusetts Protective Associa-
tion, Incorporated, and others, Respondents.

*No. 207. Argued April 1, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 576.)

For the appellant there was a brief and oral argument by *Jerome E. Randall* of Milwaukee.

For the respondents there was a brief by *Quarles, Herriott, Clemons, Teschner & Noelke* and *Charles Q. Kamps* and *Peter C. Linzmeyer*, all of Milwaukee, and oral argument by *Mr. Kamps*.

HALLOWS, C. J. Although Goff claims there are material facts in dispute, we do not agree. The first cause of action, for unjust enrichment, alleges the termination of the agency agreements by the defendants was without sufficient cause, was wrongful, unconscionable and con-

trary to public policy, and the defendants by retaining the deferred and renewal commissions earned by the plaintiff were unjustly being enriched.

On May 1, 1956, Goff entered into special-agency agreements with each of the defendant insurance companies through the defendant Arthur B. Lind, their general agent. By the terms of these agreements, which are substantially the same, Goff was to receive certain commissions on the policies he sold. These commissions varied according to the type of insurance and for the length of time the policies remained in force. The agreements provided that Goff "agrees to devote his entire business time to the purpose of this Agreement and he will not, without the written consent of the Company, act as agent or broker for any other insurance company." Goff, however, applied for and received a license in 1958 to represent the Badger State Mutual Casualty Company and in 1963 to represent the Time Insurance Company. He was advised by Lind that he should divest himself of these licenses. Goff refused because other agents of the defendant insurance companies were allowed to carry dual licenses and he continued to sell insurance for the several companies.

By letter dated September 30, 1966, the defendant insurance companies terminated Goff's services, effective in thirty days. The agency contracts [1] provided for such termination and there was no provision which required the termination to be for cause. The contracts also

---

[1] "TERMINATION. This agreement may be terminated by either party giving the other thirty days' written notice. It shall be terminated automatically by death of the Special Agent, subject however to the provisions of Paragraph 3 (C) (3) hereof. In the event of termination of the contract of the General Agent with the Company, the Company will assume or cause to be assumed by the successor or successors of such General Agent all the obligations hereunder of the party of the first part, and this Agreement shall continue in full force and effect subject to its terms, including any rights of termination."

provided that in the event of termination the first-year commissions would be paid but no renewal commissions would be paid.[2] At the time of termination, the advances to Goff by the defendant exceeded the first-year commissions and consequently Goff received no commissions upon the termination of the contracts.

We think this case is ruled by *Buska v. Central Life Assurance Co.* (1966), 32 Wis. 2d 534, 145 N. W. 2d 721. In *Buska*, too, we had an insurance-agency contract which provided for diminution of renewal commissions upon its termination which could be done on written notice. The argument was made that such a contract could not be terminated except for good cause. This court, however, held the contract did not provide for termination for cause and it could be terminated by either party without a cause or reason; and that upon its termination, the remaining rights of the parties depended upon the provisions of the agreement.

We think that when an employment contract for an indefinite term provides a method of termination but is silent concerning the grounds for termination that such silence indicates an intent of the parties that the contract can be terminated at will or without cause and the court cannot read into the silence of the contract a reasonable or just cause. Annot. (1932), 79 A. L. R. 475; Annot. (1942), 136 A. L. R. 160; Annot. (1946), 163 A. L. R. 1470; *Commissions on Renewal Premiums,*

[2] *"Effect of Termination on Commissions.* Upon termination of this Agreement, first year commissions as provided herein on business then in force will be paid as provided herein, but no further renewal commissions, supplementary commissions or other remuneration will be paid, except as may be otherwise provided in Paragraph 3 (C) of this Agreement. If the Company or the Massachusetts Protective Association, Incorporated, has made any advances to the Special Agent against commissions, no commissions shall thereafter be payable to him by either corporation except to the extent that the aggregate commissions payable by both corporations shall exceed such advances."

3 Couch, *Cyclopedia of Insurance,* pp. 1798, 1799, sec. 560d. In *Kovachik v. American Automobile Asso.* (1958), 5 Wis. 2d 188, at 190, 92 N. W. 2d 254, this court in construing an employment contract stated, "Turning to the contract, it not only claims nothing to show an intention to permit termination only for cause, but on the contrary we think it affirmatively authorizes termination at will on three days' notice." *See also* for construction of contracts not expressly providing grounds for termination *Forrer v. Sears, Roebuck & Co.* (1967), 36 Wis. 2d 388, 153 N. W. 2d 587; *Shain v. Washington National Ins. Co.* (8th Cir. 1962), 308 Fed. 2d 611; Annot. (1925), 35 A. L. R. 1432; Annot. (1941), 135 A. L. R. 646; 16A Appleman, *Insurance Law and Practice,* pp. 10, 12, sec. 8953.

In the instant case the contracts do not require good cause or any cause as a ground for termination; the agency contracts being silent on the subject of grounds for termination, they may be terminated without cause. Consequently, the allegations in the first cause of action that the termination was without sufficient cause is adequately answered by the written contracts and there is no material issue of fact as to termination.

The hardship to Goff which results from the termination of the contracts arises from the terms of the contracts. He considers he has earned the commissions and the payment is only deferred while the insurance companies consider the commissions not earned until the premiums for subsequent years are in fact paid while the agent is in their employment. While it may be argued Goff is being treated unjustly, this does not constitute unjust enrichment in a legal sense. Under the doctrine of unjust enrichment, the basis for recovery is that a person has received something of value under circumstances which in equity and in good morals he ought not keep but should return. The basis is the

defendant's duty, not a promise or agreement or intention. *Arjay Investment Co. v. Kohlmetz* (1960), 9 Wis. 2d 535, 101 N. W. 2d 700; *see also Wauwatosa v. Milwaukee County* (1963), 22 Wis. 2d 184, 125 N. W. 2d 386. Here, the insurance companies have no duty to pay commissions by the agreements.

Goff's third cause of action is based upon promissory estoppel. He contends the defendants knew of his selling activities for other insurance companies and allowed him to continue and thereby waived any objection to his conduct. The gist of this argument is not promissory estoppel because there is no promise; it is a plain estoppel argument that the companies cannot rely on his breach of contract as a ground for termination because of acquiesence. But, the insurance companies need no ground for termination, and the contracts are a complete defense to the cause of action based on promissory estoppel or a defense of estoppel. Moreover, the allegations do not state a cause of action for promissory estoppel. There is no promise on the part of the defendants which as the basis of such a cause of action is required. *See Hoffman v. Red Owl Stores, Inc.* (1965), 26 Wis. 2d 683, 133 N. W. 2d 267, where this court first recognized the doctrine of promissory estoppel and explained its nature and scope as a basis for affirmative relief.

An attack is made upon the contracts as being void for lack of mutuality and illegal because of their forfeiture clauses. Because both parties had a right on thirty days' notice to terminate the agreements does not render the contracts lacking in mutuality either of consideration or of remedy, nor is a contract necessarily illegal because of a forfeiture. Insurance-agency contracts such as are involved in this case are not uncommon. They are the result of negotiation and voluntary execution. The alleged hardship features should be ne-

gotiated before the execution. This court cannot remake a contract for one of the parties or even for both parties. No authority is cited why such contracts, although not generous to an insurance agent, are illegal in their termination features.

*By the Court.*—Judgment affirmed.