MATTHEW, Appellant, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.

*No. 72. Argued March 1, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 611.)

---

[6] Sec. (Rule) 247.045, Stats., adopted at 50 Wis. 2d ix.

338

For the appellant there was a brief and oral argument by *Henry B. Buslee* of Fond du Lac.

For the respondent there was a brief by *Aberg, Bell, Blake & Metzner* of Madison, and oral argument by *Carroll E. Metzner*.

BEILFUSS, J.   In many cases we have stated that summary judgment is a drastic remedy and should not be granted where the material facts are in dispute or where the undisputed facts permit inconsistent inferences as to necessary ultimate facts.[1]   We have even said that a trial court, in the exercise of its discretion, need not in all cases decide questions of law upon a motion for summary judgment.[2]   While the trial court is not required to decide a question of law upon a motion for summary judgment in all cases, without doubt a trial court can and should grant a motion for summary judgment in those instances where the controlling material facts are not in dispute and the application of the law to those facts is not doubtful.   We believe this to be such a case and that the trial court properly considered the issue of law under the summary judgment procedure and correctly decided it.

[1] *Balcom v. Royal Ins. Co.* (1968), 40 Wis. 2d 351, 161 N. W. 2d 918; *Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 166 N. W. 2d 191.

[2] *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626.

The trial court was of the opinion that our holdings in two recent cases control the disposition of this case. We agree. These cases are *Buska v. Central Life Assurance Co.* (1966), 32 Wis. 2d 534, 145 N. W. 2d 721, and *Goff v. Massachusetts Protective Asso., Inc.* (1970), 46 Wis. 2d 712, 176 N. W. 2d 576. Because the factual situations of these two cases are quite similar and the legal issues almost identical to the case at hand, a somewhat extensive quotation from *Goff,* at pages 715, 716, is appropriate:

"We think this case is ruled by *Buska v. Central Life Assurance Co.* (1966), 32 Wis. 2d 534, 145 N. W. 2d 721. In *Buska,* too, we had an insurance-agency contract which provided for diminution of renewal commissions upon its termination which could be done on written notice. The argument was made that such a contract could not be terminated except for good cause. This court, however, held the contract did not provide for termination for cause and it could be terminated by either party without a cause or reason; and that upon its termination, the remaining rights of the parties depended upon the provisions of the agreement.

"We think that when an employment contract for an indefinite term provides a method of termination but is silent concerning the grounds for termination that such silence indicates an intent of the parties that the contract can be terminated at will or without cause and the court cannot read into the silence of the contract a reasonable or just cause. Annot. (1932), 79 A. L. R. 475; Annot. (1942), 136 A. L. R. 160; Annot. (1946), 163 A. L. R. 1470; *Commissions on Renewal Premiums,* 3 Couch, *Cyclopedia of Insurance,* pp. 1798, 1799, sec. 560d. In *Kovachik v. American Automobile Asso.* (1958), 5 Wis. 2d 188, at 190, 92 N. W. 2d 254, this court in construing an employment contract stated, 'Turning to the contract, it not only claims nothing to show an intention to permit termination only for cause, but on the contrary we think it affirmatively authorizes termination at will on three days' notice.' *See also* for construction of contracts not expressly providing grounds for termination *Forrer v. Sears, Roebuck & Co.* (1967), 36 Wis. 2d 388, 153 N. W.

2d 587; *Shain v. Washington National Ins. Co.* (8th Cir. 1962), 308 Fed. 2d 611; Annot. (1925), 35 A. L. R. 1432; Annot. (1941), 135 A. L. R. 646; 16A Appleman, *Insurance Law and Practice*, pp. 10, 12, sec. 8953.

"In the instant case the contracts do not require good cause or any cause as a ground for termination; the agency contracts being silent on the subject of grounds for termination, they may be terminated without cause. Consequently, the allegations in the first cause of action that the termination was without sufficient cause is adequately answered by the written contracts and there is no material issue of fact as to termination."

In this case we are likewise of the opinion that the provisions of the contract set forth above are such that the term of the contract was at the will of either party, and that it could be terminated without cause and without notice.

The plaintiff Matthew contends that his relationship with the defendant since 1950 consisted of a whole series of contracts, both oral and written, of which the Standard Agent's Agreement is but one contract.

However, paragraph 4, subparagraph k of the Standard Agent's Agreement provides:

"k. The execution and delivery of this agreement shall supersede and take the place of any prior agreement, written or otherwise, existing between the parties hereto. This agreement contains the entire agreement between the parties hereto and no change, alteration or modification of the terms hereof may be made except as herein provided unless any such change, alteration or modification is evidenced by an agreement in writing signed by an authorized representative of the company and the agent."

We believe that paragraph 4, subparagraph k is a part of the integrated contract where the defendant and plaintiff unambiguously agreed that it would be the final, complete, inclusive and conclusive expression of the parties. In such a situation the parol evidence rule pre-

cludes the introduction into evidence of any contemporaneous or prior agreements, written or oral, which relate to the same subject matter as the agreement in question. *Bunbury v. Krauss* (1969), 41 Wis. 2d 522, 528, 529, 164 N. W. 2d 473; *Milwaukee Cold Storage Co. v. York Corp.* (1958), 3 Wis. 2d 13, 24, 87 N. W. 2d 505; Restatement, 1 *Contracts*, p. 331, sec. 237; 3 Corbin, *Contracts*, p. 357, sec. 573.

Plaintiff also argues that his affidavit opposing the motion for summary judgment raises issues of fact which of necessity require a trial.

A close examination of the affidavit reveals that the plaintiff contends that: (a) The agreement is not a contract and is a sham or fraud; (b) his relationship with the defendant company was satisfactory; (c) other agents signed a different contract or agreement; (d) he expected the agency relationship could be terminated only for cause; (e) the three-day termination worked a hardship on him; (f) he misunderstood or did not understand the written "agreement;" and (g) he feels that the defendant has converted from an agency company to a direct writing company.

These allegations may well raise a factual dispute but they do not reach the merits of the controlling legal issue and are therefore immaterial. There was a written contract between the parties, as evidenced by the Standard Agent's Agreement. The agreement provided for termination without cause and without any specifications for notification.

As defendant states in its brief:

"Appellant contends that he is an intelligent, skillful and industrious insurance agent. In that capacity he must alone daily urge his customers to read and understand their policies and contracts. He is in a poor position to now contend that he did not read his own agency contract or did not understand the clear, concise and unambiguous language contained therein."

The proposition is well stated. The plaintiff's affidavit does not raise a material issue of fact. Consequently the trial court was correct in granting summary judgment to the defendant on the basis of the written and valid contract between the parties. *Goff v. Massachusetts Protective Asso., Inc., supra; Buska v. Central Life Assurance Co., supra; Sambs v. Nowak* (1970), 47 Wis. 2d 158, 164, 177 N. W. 2d 144.

The termination benefits due the plaintiff under the terms of the contract are not at issue in this proceeding but the contract provisions should be controlling as to the remaining rights and obligations of the parties.

*By the Court.*—Judgment affirmed.