Uldimiro CORNEJO, Plaintiff-Appellant,

v.

POLYCON INDUSTRIES, INC., Defendant-Respondent.†

Court of Appeals

*No. 82–296. Submitted on briefs October 13, 1982.—*
*Decided November 22, 1982.*
(Also reported in 327 N.W.2d 183.)

For the appellant the cause was submitted on the brief of *Marjan R. Kmiec* of *Marjan R. Kmiec Law Offices*, of Milwaukee.

† Petition to review denied.

For the respondent the cause was submitted on the brief of *James R. Clark* and *Renee L. Johnson* of *Foley & Lardner*, of Milwaukee.

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

DECKER, C.J. Uldimiro Cornejo appeals from a summary judgment granted in favor of Polycon Industries, Inc. (Polycon). In his complaint, Cornejo alleged that Polycon acted in bad faith, inflicted emotional distress, and committed fraud and outrage in its actions concerning him. The trial court granted Polycon's motion for summary judgment, holding that Cornejo was barred from maintaining this action because of the availability of an exclusive remedy under sec. 102.35(3), Stats. We agree and affirm.

Cornejo began his employment with Polycon on April 16, 1979. Three days later, he injured his hand in a machine at work. He remained off work until May 29, 1979, at which time he was certified by a doctor as able to return to his regular duties. He left work early that day, complaining that he had not yet recovered from his hand injury.

On May 31, 1979, Cornejo obtained a disability certificate from another physician. On June 8th, he was fired for failing to call in three consecutive days of absence, according to company policy. Shortly thereafter he filed a worker's compensation claim, alleging that Polycon had unreasonably refused to rehire him after a work-related injury, in violation of sec. 102.35(3), Stats. A hearing examiner ordered Polycon to pay lost wages and attorneys' fees.

In April of 1980, Cornejo was given clearance to return to work by his physician. Although Cornejo presented this letter to Polycon, he was refused employment. He was rehired by Polycon on November 14, 1980, but was laid off three days later.

Cornejo first contends that summary judgment was inappropriate since the injuries for which he sought redress fell outside the scope of the worker's compensation chapter. We disagree.

On an appeal from a summary judgment, our standard of review requires application of the standards set forth in the summary judgment statute, sec. 802.08, Stats., in the same manner as applied by trial courts. *Heck & Paetow Claim Service, Inc. v. Heck*, 93 Wis. 2d 349, 356, 286 N.W.2d 831, 834 (1980).

We are persuaded, as was the trial court, that the claim brought by Cornejo is one for refusal to rehire an employe injured in the course of employment.[1] Section 108.35(3), Stats., states that when the employer unreasonably refuses to rehire an employe so injured, the employer "has *exclusive* liability to pay to the employe the wages lost . . . ." [Emphasis added.]

Cornejo relies on *Coleman v. American Universal Insurance Co.*, 86 Wis. 2d 615, 273 N.W.2d 220 (1979), for his contention that worker's compensation is only a partial remedy and cannot bar an independent action against the employer based on tortious conduct. We believe this reliance is misplaced.

*Coleman* involved an employe injured in the course of employment who was entitled to substantial compensation claims. He alleged separate injury for bad faith conduct on the part of the employer's insurer in its refusal to honor his claim. Our supreme court recognized a separate tort exception to the exclusivity provisions of

---

[1] Cornejo's brief on appeal implicitly acknowledges this as being the essence of the suit: "Simply put, the first injury was physical in nature and occurred on the job, therefore, bringing in the [worker's compensation] Act. *The subsequent injury was the prevention of the appellant from returning to work* which calls for a civil suit." [Emphasis added.]

worker's compensation law "where a worker's compensation insurer acts in bad faith in the settlement or payment of compensation benefits . . . ." *Id.* at 620, 273 N.W.2d at 221.

We believe *Coleman* is distinguishable from the case before us. *Coleman* extended the boundaries of the then-recent tort of bad faith as established in *Anderson v. Continental Insurance Co.*, 85 Wis. 2d 675, 271 N.W.2d 368 (1978). In *Coleman,* our supreme court stated: "It is apparent that the rationale of *Anderson* is applicable not only to the claim of a first-party insured against its insurance company, but is also applicable when the case involves a third-party claim against an insurer." *Coleman, supra,* 86 Wis. 2d at 620, 273 N.W.2d at 221–22.

We read *Coleman* as extending the scope of the tort of bad faith in worker's compensation cases only to the employer's insurer, not to the employer itself. Were the latter the case, the exclusivity of an employer-employe remedy which lies at the heart of worker's compensation would be severely vitiated.

The worker's compensation chapter provides a remedy for an employer's unreasonable failure to rehire; that remedy is set forth in sec. 102.35(3), Stats. As Cornejo states in his brief, the worker's compensation act "is primarily designed to control the employer-employee relationship." That is the very reason why *Coleman* is inapposite; there, the relationship was between the employe and the employer's insurer. Such is not the case here.

Cornejo next contends that the summary judgment foreclosed his claims in violation of sec. 9, art I of the Wisconsin Constitution:

Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain

justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

We disagree. An employe's right to a remedy for a wrong is modified by the phrase, "conformably to the laws." This phrase gives the legislature power to regulate the remedies for wrongs. *Kerner v. Employers Mutual Liability Insurance Co.*, 35 Wis. 2d 391, 400, 151 N.W.2d 72, 77 (1967). Our supreme court has consistently held that sec. 9, art. I does not entitle litigants to the exact remedy they desire, but merely to their day in court. *Metzger v. Wisconsin Department of Taxation*, 35 Wis. 2d 119, 129, 150 N.W.2d 431, 436 (1967). In the present case, the legislature has provided the exclusive remedy and procedures by which Cornejo may have his day in court; they are found within the worker's compensation chapter. We conclude that Cornejo's rights to a remedy have not been unconstitutionally abridged or denied.

Finally, Cornejo argues that the individual causes of action alleged are fully maintainable and relief should be granted. The cases cited in furtherance of his arguments regarding emotional distress, bad faith, fraud, outrage and economic duress are inapposite in that they do not override the exclusivity of the worker's compensation chapter.[2]

Regarding employment contract termination, Cornejo urges this court to allow his claim on the strength of *Ward v. Frito-Lay, Inc.*, 95 Wis. 2d 372, 290 NW2d 536 (Ct App 1980). There, this court noted that the employment-at-will rule, which allowed an employer to discharge at will an employe who had no contractual set term, had been modified in other jurisdictions "to permit

---

[2] The cases cited either do not involve worker's compensation claims, concern themselves with actions against insurers, or arise out of other jurisdictions. Therefore, none of them controls here.

recovery where the discharge violates some clear and specific public policy or where the discharge is retaliatory or is motivated by bad faith or malice." *Id.* at 374, 290 N.W.2d at 537. We do not believe that this exception is mandated by public policy where some other remedy already exists, as it does here.

The legislative intent behind worker's compensation was to limit an employer's liability in exchange for the employe's sure and swift recovery of scheduled payments. *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 182, 290 N.W.2d 276, 281 (1980). The right of the employe to recover compensation provided for by worker's compensation is exclusive of all other remedies against the employer; such is the nature of the balance struck by the legislature. *See Guse v. A.O. Smith Corp.*, 260 Wis. 403, 408, 51 N.W.2d 24, 26 (1952). Section 102.35(3), Stats., sets forth the exclusive liability of the employer in refusal to rehire cases. To engraft a different remedy upon a worker's compensation-based case is to upset the legislative balance underlying the worker's compensation act. While the act is to be liberally construed, we must not interpret the act so as to change its obvious meaning. *Frisbie v. Department of Industry, Labor & Human Relations*, 45 Wis. 2d 80, 87, 172 N.W.2d 346, 349 (1969). Therefore, *Ward, supra,* is inapposite here.

Because sec. 102.35(3), Stats., provides the exclusive remedy for a refusal to rehire after injury, we affirm the judgment of the trial court.

*By the Court.*—Judgment affirmed.